UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Juan Carlos, CAJAMARCA CAJAMARCA, )<br>)<br>    Petitioner,    )<br>)<br>v.    )<br>)<br>TODD LYONS, field office director for U.S. )<br>Immigration and Customs Enforcement (ICE) )<br>in New York, Kristi Noem, Secretary of the )<br>Department of Homeland Security; )<br>Pamela Bondi, Attorney General, )<br>)<br>**)**<br>)<br>in their official capacities, )<br>)<br>    Respondents.    )<br>_____ ) | Case No. Case No. 25-6540<br><br>**VERIFIED PETITION FOR WRIT HABEAS CORPUS** |

## INTRODUCTION

1. Juan Carlos, CAJAMARCA CAJAMARCA, is an asylum seeker from Ecuador.

2. Petitioner entered the United States on June 19 2022, and was detained upon his entrance.

3. On the same day, of June 19 2022, Petitioner was issued a Humanitarian Parole for two months.

4. As a condition of Petitioner's Parole, he was to report to an ICE office near his final destination within sixty days.

5. On June 7, 2023, Petitioner filed his Asylum Application, and received notice of such application on June 16, 2023.

6. On June 29, 2023, Petitioner received notice of his appointment for a Biometric submission for July 18, 2023.

1

7. On January 23, 2024, Petitioner was granted Employment Authorization Document (EAD), which is set to expire on January 21, 2029. The fact that Petitioner was eligible for his work permit, was due to his application for asylum.

8. On November 24, 2025 around 9:00 am, Petitioner was on his way to the bank, before going to work, in Patchogue NY, when he was stopped by ICE.

9. Upon being stopped ICE presented a photo to Petitioner and asked him if he recognizes the person in the photo. Petitioner replied no, yet **without warning or apparent justification,** ICE proceeded to arrest him and took him to the EDNY in Central Islip NY.

10. At the time of Petitioner's arrest, ICE did not serve Petitioner a notice to appear ("NTA"). Uponinformatin and belief, Petitioner was served a NTA later on in the day.

11. Upon informationand belief ICE failed to conduct any assessment of Petitioner prior to his arrest, and surely did not afford Petitioner a right to be heard regarding his arrest.

12. Upon information and belief, as of the time of the filing of this Habeas Petition, Petitioner remains in custody at the EDNY in Central Islip NY.

13. Upon information and belief, Petitioner is illiterate and has learning disabilities.

14. Upon information and belief, Petitioner has no criminal history.

15. Petitioner's detention was unlawful and unwarranted, since he was not in removal proceedings at the time of his arrest (he was not served a NTA before or contemporaneously with his arrest); his legal status has not changed from the time he entered the United States on June 19 2022. On the contrary since his admission by Parole on June 19, 2022, for two months, he appleid for Asylum, and was granted Employment Authorization Document (EAD), which is set to expire on January 21, 2029.

16. Furthermore, the immigration authorities failed to conduct an individual assessment, or "any" process of Petitioner, Mr. Juan Carlos, Cajamarca Cajamarca, prior or contemporaneously to his detention.

17. Pursuant to 28 U.S.C. § 2243, Mr. Juan Carlos, Cajamarca Cajamarca, requests that the Court issue an Order to Show Cause directing ICE to file a return "within three days[,] unless for good cause additional time, not exceeding twenty days, is allowed," justifying its unexplained decision to detain Mr. Juan Carlos, Cajamarca Cajamarca, in apparent excess of statutory authority.

18. Accordingly, to vindicate Petitioner's constitutional rights, this Court should grant the instant petition for a writ of Habeas Corpus.

## JURISDICTION

19. This action arises under the Constitution of the United States and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq*.

20. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, § 9, cl. 2 of the United States Constitution (Suspension Clause).

21. This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 *et. seq*., the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

22. Venue is proper because—on information and belief—Petitioner is detained at, a detention Center in or near Central Islip, which is within the jurisdiction of this Court.

## PARTIES

23. Petitioner, Juan Carlos, Cajamarca Cajamarca, is a national of Ecuador.

24. On November 24, 2025 around 9:00 am, Petitioner was on his way to the bank, prior going to work, in Patchogue NY, when he was stopped by ICE.

25. ICE subsequently took Petitioner into custody, upon information and belief at the Federal Detention Facility, in or near Central Islip NY. Upon information and belief, as of the time of the filing of this Habeas Petition, Petitioner remains in custody in or near Central Islip NY.

26. Todd Lyons, is the Acting Director of ICE's New York Field Office. In his official capacity, he is charged with carrying out the functions of that office, including by making and overseeing decisions regarding immigration detention throughout the New York State, including Nassau County. He therefore has custody over Petitioner, in that he can order his release from ICE custody.

27. Kristi Noem is the Secretary of the Department of Homeland Security ("DHS"), which is ICE's parent agency. In her official capacity, she is charged with making determinations as to removability, asylum eligibility, and immigration custody, all of which are binding on DHS. She therefore has constructive custody over Petitioner, in that she has the capacity to order DHS to release Petitioner from custody.

28. Pamela Bondi is the Attorney General. In her official capacity, she is charged with making determinations as to removability, asylum eligibility, and immigration custody, all of which are binding on DHS. She therefore has constructive custody of Petitioner, in that she has the capacity to order DHS to release Petitioner.

## STATEMENT OF FACTS

29. Juan Carlos, Cajamarca Cajamarca, is an asylum seeker from Ecuador., who entered the United States on June 19 2022, and was detained upon his entrance.

30. On the same day, of June 19 2022, Petitioner was issued a Humanitarian Parole for two months.

31. As a condition of Petitioner's Parole, he was to report to an ICE office near his final destination within sixty days.

32. On June 7, 2023, Petitioner filed his Asylum Application, and received notice of such application on June 16, 2023.

33. On June 29, 2023, Petitioner received notice of his appointment for a Biometric submission for July 18, 2023.

34. On January 23, 2024, Petitioner was granted Employment Authorization Document (EAD), which is set to expire on January 21, 2029. The fact that Petitioner was eligible for his work permit, was due to his application for asylum.

35. On November 24, 2025 around 9:00 am, Petitioner was on his way to the bank, Upon being stopped ICE presented aphoto to Petitioner and asked him if he recognizes the person in the photo. Petitioner replied no, yet **without warning or apparent justification,** ICE proceeded to arrest him and took him to the EDNY in Central Islip NY.

36. Mr. Juan Carlos, Cajamarca Cajamarca, fears that ICE intends to transfer him to a remote detention facility beyond the reach of his family, and attorneys, here in New York. Cf., e.g., *Ozturk v. Hyde,* 136 F.4th 382 (2d Cir. 2025) (attempted transfer to ICE detention center in Louisiana); *Mahdawi v. Trump,* 136 F.4th 443 (2d Cir. 2025) (same).

**LEGAL FRAMEWORK**

37.  Mr. Juan Carlos, Cajamarca Cajamarca's, detention Is Unlawful Because It Violates His Due Process Rights.

38.  As the Supreme Court has repeatedly instructed, freedom "from government custody, detention, or other forms of physical restraint" is at "the heart" of what the Due Process Clause protects. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); see also *Foucha v. Louisiana,* 504 U.S. 71, 80 (1992) ("Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action.").

39.  This is particularly true in the context of civil detention. See, e.g., *Addington v. Texas,* 441 U.S. 418, 425 (1979) ("This Court repeatedly has recognized that civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection."); *Kansas v. Hendricks,* 521 U.S. 346, (1997) (requiring "strict procedural safeguards" to justify involuntary civil commitment of certain sex offenders); *Foucha,* 504 U.S. at 81-82, 86 (holding unconstitutional a state civil commitment "statute that place[d] the burden on the detainee to prove that he is not dangerous").

**A. DHS is Detaining Petitioner in Violation of His <u>Procedural</u> Due Process**

40.  To determine whether a civil detention violates a detainee's procedural due process rights, courts apply the three-part test set forth in *Mathews v. Eldridge,* 424 U.S. 319 (1976). See *Velasco Lopez v. Decker,* 978 F.3d 842, 851 (2d Cir. 2020) (applying Mathews test to a challenge involving discretionary noncitizen detention).

41.  Pursuant to Mathews, courts weigh the following three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or

substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews,* 424 U.S. at 335.

42. The first Mathews factor requires consideration of the private interest affected by Respondents' detention of Petitioner. This factor weighs heavily in Petitioner's favor because Mr. Juan Carlos, Cajamarca Cajamarca's, interest in being free from physical detention is "the most elemental of liberty interests." *Hamdi v. Rumsfeld,* 542 U.S. 507, 529 (2004).

43. As the court stated in *Carlos Javier Lopez Benitez v. Francis,* 25 civ. 5937 (DEH), "the most significant liberty interest there is—the interest in being free from imprisonment" (quoting *Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d cir. 2020)).

44. The second Mathews factor requires courts to assess whether the challenged procedure creates a risk of erroneous deprivation of individuals' private rights and the degree to which alternative procedures could ameliorate these risks.

43. There is very little doubt that the second prong of Mathews favors Petitioner, as the challenged detention, overwhelmingly creates a risk of erroneous deprivation of individuals' private rights.

44. T**he Court** stated in *Carlos Javier Lopez Benitez v. Francis,* 25 civ. 5937 (DEH), that "**before** the Government may exercise such discretion to detain a person, §1226(a) and its implementation regulations **require ICE officials to make an individualized custody determination**". (emphasis added) (quoting *Velesaca v. Wolf,* No. 20 Civ. 2153, 2020 WL 7973940 (2d cir. Oct. 13, 2020). (quotation marks and citation omitted)

39. As in *Carlos Javier Lopez Benitez v. Francis,* **here too, no individualized determination as to the factors such as his high flight risk or dangerousness occurred**

7

contemporaneously or before ICE arrested Mr. Juan Carlos, Cajamarca Cajamarca's, on June 19 2022.

40. Regarding the value of additional safeguards, the court in *Carlos Javier Lopez Benitez v. Francis,* 25 civ. 5937 stated that "[a] person's liberty cannot be abridged without adequate procedural protections".

41. The third Matthews factor, the Government's interest, also weighs in favor of granting this petition. The Government's only legitimate interest at stake is its interest in ensuring that people facing removal do not endanger the public or abscond during the pendency of their removal cases.

42. In our case, it is clear that Petitioner does not endanger the public, as upon information and belief, he has no criminal record. Moreover, there is no concern that Petitioner would abscond during the pendency of their removal cases, as he is not in removal proceedings.

43. Lastly, Mr. Juan Carlos, Cajamarca Cajamarca's Procedural Due Process rights have been violated since he was detained when he was not in any removal proceedings. Under the plain text of 8 U.S.C. § 1226(a), ICE's authority to detain arises only 'pending a decision on whether the alien is to be removed'. No such proceedings existed here.

46. Moreover, the court in this District, in *Gopie v. Lyons*, 1:25-cv-05229, stated that 8 C.F.R. § 236.1(b) requires the issuance of a NTA prior to arrest, **and if the ICE fails to do so, that alone is sufficient to release the Petitioner.**

47. 8 C.F.R. § states, "*At the time of issuance* of the notice to appear, or at *any time thereafter* and up to the time removal proceedings are completed, the respondent may be arrested and taken into custody under the authority of Form I-200, Warrant of Arrest." (emphasis added). **The statue clearly requires the issuance of the NTA prior to an arrest.**

48. Mr. Juan Carlos, Cajamarca Cajamarca's detention was therefore unlawful from its inception and cannot be justified by any post-hoc filing of an NTA.

**B. Continued Detention Of Petitioner Violates His Substantive Due Process Right To Be Free From Arbitrary Detention.**

49. At a bare minimum, "the Due Process Clause includes protection against unlawful or arbitrary personal restraint or detention." *Zadvydas,* 533 U.S. at 718 (Kennedy, J., dissenting) (emphasis added).

50. To meet the strictures of due process, Mr. Juan Carlos, Cajamarca Cajamarca's, detention must "bear[] a reasonable relation to [the] purpose[s]" of civil immigration detention, which the Supreme Court has identified as mitigating flight risk and mitigating danger to the community. *See Zadvydas,* 533 U.S. at 690 (quoting *Jackson v. Indiana,* 406 U.S. 715 (1972)) (quotation marks omitted).

51. Respondents will not be able to show that Petitioner's detention without bond is necessary to prevent flight or to mitigate danger.

**FIRST CLAIM FOR RELIEF**
VIOLATION OF PROCEDURAL DUE PROCESS

52. Petitioner hereby repeats and realleges all preceding allegations in the instant Petition as if fully set forth herein.

53. The Due Process Clause of the Fifth Amendment protects the procedural rights of all persons in the United States, including noncitizens, from unlawful civil detention. Applying the three-part test set forth in *Mathews v. Eldridge,* 424 U.S. 319 (1976), and in *Velasco Lopez v. Decker,* 978 F.3d 842, 851 (2d Cir. 2020), Petitioner's has been deprived of his right to procedural due process, and he is therefore entitled to immediate release.

54. Moreover, according to the Court, in *Carlos Javier Lopez Benitez v. Francis,* 25 civ. 5937 (DEH), before the Government can exercise the discretion to detain even a non-citizen, §1226(a) and its implementation regulations require immigration officials to make an **individualized custody determination**, **as to the factors such as his high flight risk or dangerousness occurred before ICE arrests an alien.**

## SECOND CLAIM FOR RELIEF
### Violation of Fifth Amendment Right to Due Process

55. Petitioner hereby repeats and realleges all preceding allegations in the instant Petition as if fully set forth herein.

56. The Due Process Clause of the Fifth Amendment protects the substantive right of all persons in the United States, including noncitizens, to be free from unjustified deprivations of physical liberty. U.S. CONST. amend. V; see generally *Reno v. Flores,* 507 U.S. 292 (1993).

57. "[G]overnment detention violates the [Due Process Clause] unless the detention is ordered in a criminal proceeding with adequate procedural protections, or, in certain special and narrow nonpunitive circumstances, where a special justification . . . outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas,* 533 U.S. at 690 (quotation marks and citations omitted).

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner respectfully requests that the Court:

(1) Assume jurisdiction over his petition;

(2) Enjoin Respondents from transferring Petitioner outside of this judicial district;

(3) Direct Respondents to show cause within three days (or in no event more than twenty days) why the Petition should not be granted;

(4) Order Petitioner's immediate release during the pendency of these proceedings;

(5) Declare Petitioner's ongoing detention to be violative of 8 U.S.C. § 1231 as well as the Due Process Clause of the Fifth Amendment;

(6) Issue a writ of habeas corpus directing Respondents to release Petitioner;

(7) Award reasonable attorney's fees and costs to Petitioner; and

(8) Provide such other relief as the Court deems just and proper.


Dated:  November 24, 2025
Queens, New York

/s/ Avi Silberberg, Esq.
Avi Silberberg, Esquire

**VERIFICATION PURSUANT TO 28 U.S.C. § 2242**

I represent Petitioner, Mr. Juan Carlos, Cajamarca Cajamarca, and submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated this 24th day of November, 2025.

/s/ Avi Silberberg

11